(No. 4417- )

EDYTHE MORTON, Claimant, *vs.* STATE OF ILLINOIS, Respondent.

*Opinion filed January 13, 1953.*

JOSEPH H. GOLDENHERSH, Attorney for Claimant.

LATHAM CASTLE, Attorney General; C. ARTHUR NEBEL, Assistant Attorney General, for Respondent.

DELANEY, C. J.

On March 31, 1950, the claimant, Edythe Morton, was riding as a passenger in an automobile driven by her son, Lester. There were three other passengers in the car. They were traveling along U. S. Highway No. 460. An accident occurred about four miles southwest of the City of East St. Louis. At the place of the accident, a crew of men, employed by the Illinois Division of Highways, were engaged in filling a slide-in on the shoulder north of the highway. A truck was being used to transport dirt to the place of the fill-in. As the car in which the claimant was riding was about thirty feet from the truck, the truck lurched forward, and partially blocked the lane in which claimant's car was traveling. The driver of claimant's car swung his car to the left, and struck the center island of the highway. The car overturned, and came to a rest on its side.

After the accident, claimant was taken to St. Mary's Hospital in East St. Louis, where she was given emergency treatment. The claimant suffered a brain concussion.

Previously an opinion was filed in this case denying an award. On petition of claimant and a review of this

case, we now have reached the conclusion that our original opinion was in error, and that claimant is entitled to an award in the sum of $1,500.00.

The record consists of the complaint, motion of respondent for an extension of time in which to file pleadings, order of Chief Justice granting the motion of respondent for an extension of time in which to file pleadings, answer of respondent, Departmental Report, transcript of evidence taken on June 29, 1951, additional transcript of evidence taken on June 29, 1951, abstract of evidence, brief of claimant, statement, brief and argument of respondent, additional abstract of evidence, reply brief of claimant, oral arguments of attorneys for claimant and respondent, and claimant's petition for rehearing.

Route U. S. No. 460 at the location in question, consists of a four lane concrete pavement—two lanes for each direction of travel. A raised median curb separates the opposing lanes of traffic. At each end of the repair zone, there was a barricade set up across the outer or northerly traffic lane, and to the southeast of the easterly barricade on the northerly shoulder facing east was a series of signs indicating the presence of workmen and repair zone ahead. Although the respondent employed a flagman to slow down traffic, there is considerable doubt as to what, if any, signal was given to the driver of claimant's car.

Regardless of whether or not the driver of the automobile in which claimant was a passenger was negligent, this case involves a factual question of the necessity of claimant to perceive a danger, which the driver failed to recognize. We do not believe from the evidence that it was necessary for the claimant to warn the driver in this case, and that she was not contributorily negligent.

The accident under consideration was due to the negligent operation of respondent's truck.

Claimant has expended, as a result of the accident, the following sums: to Dr. Compton, $40.00; to St. Mary's Hospital, $72.15; and, to Dr. Burroughs, $49.00. Clothing of claimant, which cost $200.00, was destroyed. Claimant suffered a concussion, and serious and permanent injuries to her hand. According to the testimony of Dr. Burroughs, her hand, which has a large swollen area, is permanently injured.

An award is, therefore, entered in favor of Edythe Morton, the claimant, in the amount of Fifteen Hundred Dollars ($1,500.00).